POWELL *v*. STATE.*

(Division B.    Dec. 6, 1926.)

[110 So. 515.    No. 26056.]

1. HOMICIDE. *Evidence held to sustain conviction for murder.*
   Evidence in murder prosecution *held* sufficient to sustain conviction.

2. HOMICIDE. *Excluding threat by deceased, held harmless, in view of testimony showing other threats.*
   Refusal to admit testimony of details of threat by deceased against defendant, in connection with attempted assault on defendant's wife, made some three months before homicide, although error, *held* harmless, in view of fact that court admitted testimony showing three different threats subsequent to such time.

3. HOMICIDE. *Defendant should be allowed to show what was said in connection with threat by deceased.*
   Defendant, in murder prosecution, should be allowed to show what was said in connection with threat made against him by deceased, in order to disclose significance and seriousness thereof, to be considered by jury in determining who was aggressor.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 334, n. 96 New; p. 335, n. 13; Homicide, 30CJ, p. 155, n. 87; p. 310, n. 25.

APPEAL from circuit court of Neshoba county.

HON. G. E. WILSON, Judge.

Irvin Powell was convicted of murder, and he appeals. Affirmed.

*Richardson & Pierce* and *Wells, Stevens & Jones,* for appellant.

I.  It was error to deny appellant the right to show the circumstances under which the threats were uttered and in excluding the details and circumstances.

This court has uniformly ruled that uncommunicated threats are admissible wherever the evidence tends to prove that the deceased was the aggressor. *Johnson* v. *State,* 64 Miss. 430; *Beauchamp* v. *State,* 128 Miss. 523; *Guice* v. *State,* 60 Miss. 714; *Hawthorne* v. *State,* 61 Miss. 749; *Johnson* v. *State,* 66 Miss. 189; *Bell* v. *State,* 66 Miss. 192; *Prine* v. *State,* 73 Miss. 838; *Leverett* v. *State,* 112 Miss. 394; *Clark* v. *State,* 123 Miss. 147; *Mott* v. *State,* 123 Miss. 729.

The only requirement is that the testimony be doubtful on the question as to who is the aggressor in the fatal encounter.  The true rule is stated in *Mott* v. *State,* 123 Miss. 729; Ency. of Evidence, 795; *Moorman* v. *State,* 109 Miss. 848, 69 So. 1000; *Hardaman* v. *State* (Ala.), 81 So. 449.

The court here did permit evidence of the naked threat without the attending circumstances.  As a matter of fact, Mr. Meeks testified to two threats, in one of which something was said about a knife; but counsel for the defendant had been admonished that the testimony was incompetent and therefore any testimony by Meeks was chopped to pieces in such a way that much of its convincing force was lost.  Under the authorities cited, the court should have permitted the admission of the full conversation between Meeks and the deceased.  In doing so, the circumstances of the threat and the motive of the deceased would have been shown and, furthermore,

Mrs. Powell would have been corroborated in her testimony. The exclusion of all these circumstances and the full conversation was clearly reversible error.

II. Other corroborating circumstances were wrongfully excluded. The court excluded evidence that a search was made for tracks and rejected the offer of the defendant to show the tracks of Cumberland leading to and from the Powell home. This action of the court in connection with its wrongful action in excluding the admissions of Cumberland that he did make the trip and the full conversation which he had with Meeks in reference thereto, taken together, constitute reversible error. They were all a part of one transaction showing the relation of the parties, the frame of mind of Cumberland and his feeling toward the defendant, the threats growing out of these transactions. They are corroborative of the main fact at issue, that is the state of mind, motive and attitude of the deceased. *Moorman* v. *State, supra;* 1 Wigmore on Evidence, page 390; 30 C. J., page 239.

III. It was error to admit the testimony of Dr. Yates and Dr. Watkins, expressing their opinion as to the probe of the bullet wounds and as to which wound was the fatal wound, etc. In a close case on conflicting testimony, discussions by physicians along this line constitute reversible error. It was for the jury to determine from all the testimony every material fact in the case.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. It was not error to deny appellant the right to show the circumstances under which the threats were uttered and to exclude the details and circumstances.

This assignment of error cannot be sustained for the following reasons:

(1)   No exceptions were reserved to the ruling of the court in sustaining the objections made by the district attorney. *Spivey* v. *State,* 58 Miss. 743; *Flemming* v. *State,* 60 Miss. 434; *Hardeman* v. *State,* 16 So. 876; *Thomas* v. *State,* 103 Miss. 800.

(2)   The defendant did not again offer the testimony when the jury returned to the court room.

(3)   Even though the trial court erred in excluding a part of the testimony with reference to these threats, it was harmless because the court admitted four other separate and distinct threats, three of which were made after the one excluded and this testimony would have been merely cumulative.   The defendant got the full benefit of the testimony that Cumberland had threatened Powell and that these threats were made in connection with Cumberland's alleged treatment of Powell's wife.

(4)   The defendant was also permitted to testify in detail as to the alleged threats and to the statements made to him by his wife and Meeks as to Cumberland's statements with reference to the alleged occurrence on July 29.

II.   Other "corroborating" circumstances were rightfully excluded.   Where an overt act is shown to have been committed by the deceased against the defendant, it is permissible to prove a previous difficulty, who the aggressor was, and threats made at that time, but it is never permissible to prove the details of a previous difficulty. *Hardy* v. *State,* 108 So. 727; *Clemens* v. *State,* 92 Miss. 244; *Reed* v. *State,* 62 Miss. 405; *McCoy* v. *State,* 91 Miss. 257.

The court went further than it was warranted in going in permitting the defendant to prove the details of the alleged conduct of Cumberland and it certainly denied the defendant no substantial right in denying him the right to go into the proof with reference to this alleged occurrence as if Cumberland was being tried for an attempt to rape.

III. It was not error to admit the testimony of Dr. Yates and Dr. Watkins expressing their opinion as to the probe of the bullet wounds and as to which wound was the fatal wound, etc.

Both Dr. Yates and Dr. Watkins were qualified as experts and it was permissible for them to state their opinions with reference to the wounds inflicted on deceased by appellant. These physicians could have been required on cross-examination, if the defendant had so desired, to state the physicial facts in order that the jury could draw their own conclusions. However, this was not done.

The testimony in this case overwhelmingly makes out a case of cold-blooded, deliberate murder; there are no errors in the record; and the judgment of the trial court should be affirmed.

*Richardson & Pierce* and *Wells, Stevens & Jones,* in reply, for appellant.

The position of the attorney-general that counsel must not only object to testimony and reserve an exception, but must make an affirmative motion to exclude, is a highly technical position and one, we submit, not justified by the present method of noting the evidence through a stenographer who is a bonded officer of the court. In fact, it is the rule of practice in many of the districts that the stenographer is expected to note an exception to any ruling of the court where the objection is made and this has become the general practice where court stenographers are used.

We repeat again that the details of the conversation between Meek and Cumberland in the woods were excluded although the court permitted Meeks to testify to a naked threat without examining the witness or going into the details, and the court will observe that Meeks was not even permitted to state what trip he adverted to in attempting to tell about the trip.

The authorities cited by opposing counsel, that it is never permissible to prove the details of a previous difficulty, have no application here. There was no previous difficulty, strictly speaking, between Cumberland and Powell.

Counsel attempts to justify the testimony of the physicians on the ground that they qualified as experts. We submit that Doctors Yates and Watkins were not put on the witness stand as experts and did not undertake to qualify as such.

Argued orally by *J. M. Stevens,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Irvin Powell appeals from a conviction and a life sentence for the murder of Harve Cumberland. Reversal is sought on several grounds, but we see no merit in any of them, except one, and that is whether the lower court erred in refusing to permit the introduction of certain testimony, offered by the accused, in regard to the details of a conversation between the witness Meeks and the deceased, wherein the deceased had threatened the life of the appellant in connection with an attempted assault upon the wife of appellant about three months before the homicide. This is the only point presented on the appeal that merits discussion, and we shall determine this question after briefly stating the facts of the case, which are as follows:

During the morning of October 24, 1925, Harve Cumberland was standing on the sidewalk in the peaceful town of Philadelphia, talking to a friend. A crowd of people was on the sidewalk and in the streets near him. He had on a white shirt, and was without a coat or vest, and was unarmed, not even having a pocket knife on his person. His daughter, Maggie Jane Cumberland, ten

years of age, was standing by him, holding his left hand, while his niece, Lucile Cumberland, nine years of age, was standing by him, holding his right hand.

Suddenly the appellant, Powell, walked up to Cumberland, placed a pistol against his breast, and shot him; the pistol being so close as to set fire to the clothing of Cumberland. Cumberland exclaimed, "Oh! my Lord!" And appellant said, "You know me now, God damn you!" Cumberland then threw up his hands and tried to get out of the way, but was followed by appellant, who again shot Cumberland in the left arm, near the shoulder, and while Cumberland was still running and dodging, in an effort to get out of danger, appellant followed him, and shot him in the back; and as Cumberland continued to run appellant followed him, and shot him again for the fourth time, this bullet striking him in the back and mortally wounding him, from which he died in a few minutes. Some of the persons in the crowd extinguished the burning clothes of deceased, and carried the body away.

These facts, narrated above, were testified to by a large number of disinterested eyewitnesses, and are practically undisputed in this record, except that the appellant and his wife testified that, when the appellant approached Cumberland, Cumberland put his hand in the bosom of his shirt to reach for a pistol, and that he shot the deceased in self-defense. However, three disinterested witnesses for the state testified that the wife of appellant could not see the shooting, because she was in a store and not present when it occurred.

The testimony of appellant himself showed that he shot the deceased several times while the deceased was trying to get away, and that the last shot, in the back, which witnesses say was the fatal shot, was fired, at a time when there was absolutely no claim of necessity for it. Therefore, taking the record as a whole, we feel justified in saying that the testimony in the case is overwhelmingly in favor of the state, and that it nearly

reaches the degree of conclusiveness against the appellant.

The complaint of the appellant on this appeal, which we think deserves discussion, is that the court refused to permit the witness Meeks to testify that on an occasion about three months prior to the killing, while Meeks was working in the woods near the home of appellant, the deceased, Cumberland, told him (Meeks) that he had been up to the home of appellant and had there attempted to assault Mrs. Powell; that she resisted, and that he finally desisted in his efforts to assault her; that Meeks asked Cumberland, "Don't you suppose you will get in trouble about it?" and that he said, "I don't believe the little son of a bitch has got nerve enough to do anything to me; but, if he can beat me to it, he will just have to go with it." This threat, and the details with reference to the attempted assault on Mrs. Powell, were communicated to the appellant by Meeks. This testimony of Meeks was objected to, and the objection sustained by the court.

However, the court permitted Meeks to testify to the threats uttered by the deceased against appellant just a few days before the killing, and also threats of a similar character growing out of and connected with the attempted assault on appellant's wife, a few hours before the killing; and the appellant's wife was also permitted to tell the jury of threats by the deceased to kill appellant a short while before the shooting, all of which was communicated to the appellant; and finally the appellant testified in his own behalf that these numerous threats had been communicated to him, and that the attempted assault of his wife had been told to him in detail by his wife and Meeks, and that from this information he knew of the threats and realized their significance and seriousness. So it will be seen that the exact point is that the court erred in not permitting Meeks to testify as to the details of the threat and attempted assault, as told to

him by Cumberland in the woods near appellant's home, about three months before the shooting.

The rule announced in *Clark* v. *State,* 123 Miss. 147, 85 So. 188, is cited as being applicable here, in that the appellant should have been allowed to show what was said in connection with the threat in reference to the assault upon appellant's wife, so as to disclose the significance and seriousness of the threat, to be considered by the jury in determining who was the aggressor in the difficulty.

We are inclined to view that the lower court should have permitted the witness Meeks to testify to the details of the threat in connection with the attempted assault upon appellant's wife, and we may say that the action of the court in sustaining the objection to Meek's testimony was error; but we think the error was harmless, because the court permitted testimony to go to the jury showing three different threats by the deceased against the life of appellant. Meeks testified to one threat made by the deceased about three days before the shooting, and another a few hours before the shooting. The wife of the appellant testified to a violent threat a short while before the killing, which was accompanied by a statement of the deceased with reference to the attempted assault upon her. She testified so as to fully inform the jury with reference to the assault upon her by the deceased. The appellant himself testified that he had been informed by his wife and Meeks fully as to the attempted assault, and that Meeks had told him all of the details of the conversation between the deceased and Meeks in the woods near appellant's home, with reference to the attempted rape of appellant's wife.

The three threats by the deceased against the appellant had been shown to the jury, and the jury was also well informed as to the attempted assault in connection with the threats. Therefore the action of the court in not permitting Meeks to testify to the details of the conversation between him and the deceased in the woods

near appellant's home, about three months before the shooting, was harmless, and does not warrant a reversal.

As we view this record, it seems to us that the appellant is shown to be guilty by the overwhelming weight of the testimony, including his own. We think he secured the benefit of the facts and circumstances favorable to his case. The testimony of Meeks on the point mentioned above would have been cumulative, for the jury knew, through the testimony of the appellant and his wife, that the threat in the woods was connected with the attempted assault. Meeks was allowed to testify as to the threat made by the deceased just a few days before the shooting, and then the defendant told the jury all about the conversation between Meeks and the deceased in the woods, and that he had been informed of the different threats made by the deceased.

We cannot see that the exclusion of the testimony of Meeks was harmful to the appellant. A conviction would have followed, even though Meeks' testimony had been admitted to the jury.

The judgment of the lower court is affirmed.

*Affirmed.*